IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS BALLARD, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>  v.<br><br>AMERICAN AIRLINES, INC., a Delaware corporation,<br><br>         Defendant. | No. 17 CV 02534<br><br>**JURY DEMAND REQUESTED** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Now comes the Plaintiff, THOMAS BALLARD, (hereinafter "BALLARD"), on behalf of himself and all others similarly situated, by and through their attorneys, Larry D. Drury, Ltd., and complains of the Defendant, AMERICAN AIRLINES, INC., (hereinafter "AA"), a Delaware corporation, as follows:

**INTRODUCTION**

1. Plaintiff brings this class action lawsuit, on behalf of himself and all other similarly situated persons throughout the United States who, from 2014 to the date of judgment herein, were hired by American Airlines and, as a new hire, were credited with years of service and top-of-scale pay rates.

**PARTIES**

2. Plaintiff BALLARD resides in Chicago, Cook County, Illinois, and is a citizen of the State of Illinois.

3. Defendant AA is a Delaware corporation that operates as a commercial airline

1

whose corporate headquarters is located at 4255 Amon Carter Boulevard, Fort Worth, TX 76155.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1367 and 28 U.S.C. §1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendant.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(2) because some of the acts giving rise to Plaintiff's claims, and some the transactions giving rise to Plaintiff's injuries, occurred in this district and Defendant does business in this district.

## FACTUAL ALLEGATIONS

6. Immediately prior to his employment with AA, Plaintiff BALLARD was a 24 year experienced Aviation Maintenance Technician employed at an hourly rate in excess of $30.00 per hour.

7. Plaintiff BALLARD investigated employment with AA upon learning of AA's credit for new hires with years of service and top-of-scale pay rates, (hereinafter "Hiring Program").

8. On or about March 24, 2015, Plaintiff BALLARD was interviewed by a manager and lead mechanic of AA for the position of an Aviation Maintenance Technician (mechanic), based upon AA's Hiring Program the terms of which are that BALLARD would begin his employment with AA credited with years of service and top-of-scale pay rates. BALLARD was told that at a subsequent time he would have to join the labor union representing AA employees, but at no time during the hiring process did Ballard meet with a union representative nor was he provided with union documentation, any collective bargaining agreement, past, present or future,

nor did AA inform BALLARD but, in fact concealed, that AA would use joining the Union as a pre-text to revoking, rescinding and dishonoring the Hiring Program.

9. During the interview process, the manager and lead mechanic asked BALLARD to leave the room and upon being asked to return, BALLARD was hired upon the uniform fulfillment of AA's selection process and BALLARD received a hiring letter dated March 24, 2015, a copy of which is attached hereto as Exhibit A.

10. Although BALLARD, by accepting a position with AA would take a cut in pay from his present position, he elected to satisfy AA's uniform fulfillment selection process as set forth in Paragraph 9.

11. Plaintiff BALLARD began his employment with AA in June, 2015, at a starting wage of $25.70 per hour stationed at O'Hare Airport in Chicago, Illinois.

12. Approximately two months after BALLARD left a his previous secure and higher paying mechanic position and accepted the position at AA, AA informed the Transportation Workers Union of America, AFL-CIO ("Union") that AA would discontinue the Hiring Program under which Plaintiff and the Class were hired.

13. On information and belief, AA knew, at the time it hired Plaintiff and the Class, that it intended to breach and not honor the Hiring Program under which it hired Plaintiff and the Class, but failed to disclose same.

14. On information and belief, the oral Hiring Program under which Plaintiff was hired had already been in place at the time Plaintiff was hired by AA and there were hundreds of employees hired under the Hiring Program.

15. In fact, AA has honored the terms of the Hiring Program with some of its employees who were hired under the same Hiring Program and later, randomly, set in place a

date of August 5, 2016 as the date when they would no longer honor their agreements.

16. Further, on information and belief, said date of August 5, 2016 was extended to on or about November 5, 2016, in order to accommodate certain employees hired under the Hiring Program.

17. On information and belief, in approximately August, 2016, a meeting between union members and management was held at AA, and the meeting became confrontational when Jason Lapotta, an AA employee who was affected by AA's breach and was voicing his concerns, was physically attacked during the meeting by the then Union president.

18. At this time, a collective bargaining agreement between the Union and AA is in negotiation and no agreement is believed to have been reached, however, on or about August 5, 2016, AA breached its agreement with Plaintiff and the Class as to the agreed upon Hiring Program including, but not limited to, no credit to new hires for years of service or top-of-scale pay.

19. On information and belief, AA's breach of its Hiring Program left employees who had completed their years of service prior to August 4, 2016, able to maintain the benefit under which they were hired, but employees who had not completed their years of service prior to August 4, 2016, now must work additional years to achieve the top-of-scale pay which was promised to Plaintiff and the Class by AA under the Hiring Program, when they accepted employment and were hired.

20. Many AA employees hired under the Hiring Program left secure previous employment, some sold their homes and relocated their families, and some had to live away from their families, in order to take advantage of the Hiring Program.

21. AA never had any intention of honoring its Hiring Program with Plaintiff and the

Class. AA knew or should have known when hiring the Plaintiff and the Class, that they intended to cancel, revoke, rescind and/or breach their agreement with Plaintiff and the Class.

22. Further, on information and belief, AA's Managing Director, Evita Rodriguez, who oversees AA employees affected by the breach, had a conversation with Union Steward, Brian Friedman, which was overheard by other employees, wherein Rodriguez stated that she had ten applications for every one of the Hiring Program employees and anyone who didn't like it could quit.

23. AA's denial of the benefits agreed to under the Hiring Program afforded no benefit to Plaintiff and in fact caused significant harm to Plaintiff because in reliance on theHiring Program, Plaintiff left a higher paying secured job to accept employment with AA

## CLASS ACTION ALLEGATIONS

24. Pursuant to 735 ILCS 5/2-801, Plaintiff brings this class action lawsuit, on behalf of himself and all others similarly situated persons throughout the United States who, from 2014 to the date of judgment herein, were hired by AA and, as a new hire, were credited with years of service and top-of-scale pay rates.

25. The Class is comprised of hundreds of class members, making the joinder of such cases impracticable.

26. Disposition of the claims as a class action will provide substantial benefits to the parties and the class.

27. The rights of each member of the Class were violated in a similar fashion based upon the Defendant's uniform actions.

28. Questions of law and fact common to the Class predominate over questions that may affect individual members, including:

5

(A) Whether Defendant breached the Hiring Program under which it uniformly hired Plaintiff and the Class;

(B) Whether Plaintiff and the Class are entitled to relief under Equitable Estoppel due to Defendant's breach of the Hiring Program under which it uniformly hired Plaintiff and the Class;

(C) Whether Plaintiff and the Class are entitled to relief under Promissory Estoppel due to Defendant's breach of the Hiring Program under which it uniformly hired Plaintiff and the Class;

(D) Whether the Defendant committed fraud in the inducement and fraud in the factum by hiring Plaintiff and the Class under the Hiring Program which Defendant breached;

(E) Whether AA was or will be unjustly enriched by their breach of the Hiring Program under which it uniformly hired Plaintiff and the Class;

(F) Whether the Defendant's actions caused Plaintiff and the Class to suffer damages.

29. Plaintiff will fairly and adequately represent and protect the interests of the Class in that he has no interest that is antagonistic to, or that irreconcilably conflicts with those of other members of the Class.

30. Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation.

31. A class action is superior to all other available methods for the fair and efficient adjudication of Plaintiff's and other Class members' claims.

32. Certification of a class action to resolve this matter will reduce the possibility of repetitious litigation involving, potentially, thousands of class members.

33.     Based upon the facts and circumstances herein, the class is identifiable, ascertainable and manageable.

## COUNT I

## BREACH OF ORAL CONTRACT

34.     Plaintiff realleges and incorporates paragraphs 1 through 33 above as if fully set forth in this Count I.

35.     Plaintiff and the Class entered into uniform oral contracts when they were hired by AA under the Hiring Program which would allow new hires credits for years of service to achieve top-of-scale pay rates.

36.     AA breached their contract and the covenant of good faith and fair dealing with the Plaintiff and the Class by taking away the benefits afforded by the Hiring Program after hiring Plaintiff and the Class, all to the Defendant's benefit and profit. and to the Plaintiff's and the Class' detriment.

37.     As a direct result of AA's intentional and wrongful breach of their contracts, Plaintiff and the Class have suffered damages, including but not limited to loss of wages and top-of-scale employment benefits.

## COUNT II

## EQUITABLE ESTOPPEL

38.     Plaintiff realleges and incorporates paragraphs 1 through 33 above as if fully set forth in this Count II.

39.     Defendant misrepresented, omitted and/or concealed the material fact that it intended to rescind, revoke, dishonor and breach the Hiring Program under which it hired Plaintiff and the Class.

7

40. Defendant knew at the time of their representations, that they were untrue.

41. The Plaintiff and the Class did not know that Defendant's representations were untrue at the time they were hired.

42. The Defendant intended or reasonably expected the Plaintiff and the Class to act upon their representations.

43. As a result of Defendant's misrepresentation, omission and/or concealment, Defendant should be estopped from not fulfilling the terms of its agreement with Plaintiff and the Class and eliminating same.

44. Plaintiff and the Class relied on the presentations made by Defendant in good faith and to their detriment.

45. Plaintiff and the Class would be prejudiced by their reliance on Defendant's representations if the Defendant was permitted to deny same.

## COUNT III

## PROMISSORY ESTOPPEL

46. Plaintiff realleges and incorporates paragraphs 1 through 33 above as if fully set forth in this Count III.

47. AA, at the time of hiring Plaintiff and the Class, knew that AA was going to rescind, revoke, dishonor, breach and back out of the Hiring Program.

48. There was a promise made by AA through the Hiring Program under which they hired Plaintiff and the Class.

49. Plaintiff and the Class reasonably and justifiably relied on Defendant's promise of crediting new hires with years of service and top-scale-pay rates.

50. The promise to be hired under the Hiring Program was made and Defendant

should have reasonably expected and foreseen that Plaintiff and the Class would act on said promise. As a result of Defendant's promise BALLARD left a secure position where he was making more money. Plaintiff cannot now achieve the top-of-scale pay promised under the Hiring Program.

51. Plaintiff and the Class relied on the promise by the Defendant to their detriment, damage and injury.

## COUNT IV

## FRAUD IN THE INDUCEMENT AND IN THE FACTUM

52. Plaintiff realleges and incorporates paragraphs 1 through 33 above as if fully set forth in this Count IV.

53. Defendant misrepresented, omitted and concealed that upon their hiring, Plaintiff and the Class would receive credits as new hires for years of service and top-of scale pay rates, only to have Defendant rescind, revoke, dishonor and breach the Hiring Program, after the Plaintiff and the Class were hired, all to the Defendant's benefit and profit and the Plaintiff's and the Class' detriment.

54. Defendant knew that it misrepresented, omitted and concealed that they would rescind, revoke, dishonor and breach the Hiring Program under which Plaintiff and the Class accepted employment and knew that they never intended to perform their agreement with Plaintiff and the Class.

55. Defendant knew that requiring that Plaintiff and the Class join the Union that it was not disclosing the true nature and content as to the Hiring Program, and knew that they never intended to perform their agreement with Plaintiff and the Class.

56. Defendant intended to deceive, defraud and induce Plaintiff and the Class into

accepting employment with AA by their fraudulent acts and conduct alleged herein, includingbut not limited to, its misrepresentations of the terms, quality and other aspects of their contractual relationship.

57. Plaintiff and the Class relied upon Defendant's fraud, deception, misrepresentations, omissions and fraudulent inducement to their damage, detriment, loss and injury.

## COUNT V

## UNJUST ENRICHMENT

58. Plaintiff realleges and incorporates paragraphs 1 through 33 above as if fully set forth in this Count V.

59. Defendant, to the detriment of the Plaintiff and the Class, has benefitted and has been unjustly enriched where it breached the Hiring Program under which it hired Plaintiff and the Class.

60. Defendant has knowledge of these benefits, and has voluntarily accepted, retained and diverted said benefits by breaching the Hiring Program under which it hired Plaintiff and the Class.

61. The circumstances described herein are such that it would be inequitable, unconscionable, unfair and unjust for Defendant to accept, retain and/or divert these ill-gotten benefits.

62. As a result of Defendant's unjust enrichment, Plaintiff and the Class have and will suffer damages.

## COUNT VI

## NEGLIGENT MISREPRESENTATION

63. Plaintiff realleges and incorporates paragraphs 1 through 33 above as if fully set forth in this Count VI.

64. Defendant's agreements and statements as to its Hiring Program to Plaintiff and the Class were false.

65. Defendant was careless and/or negligent in its agreement and statements as to its Hiring Program to the Plaintiff and the Class.

66. Defendant intended its agreement with the Plaintiff and the Class to induce them to accept employment with AA.

67. The Defendant breached its duty to convey accurate information to the Plaintiff and the Class as alleged herein.

68. The Defendant is in the business of supplying information to the Plaintiff and the Class and others for the guidance of their business transactions.

69. Plaintiff and the Class relied on the truthfulness of Defendant's agreement and statements as to its Hiring Program and Plaintiff and the Class were damaged thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court enter an Order:

A. Certifying this matter as a class action with Plaintiff as Class Representative, and designating Larry D. Drury, Ltd. as lead class counsel;

B. Finding that Defendant breached their contracts with Plaintiff and the Class by breaching the Hiring Program under which it hired Plaintiff and the Class;

C. Finding that the Plaintiff and the Class are entitled to relief under Equitable Estoppel due to Defendant's breach of the Hiring Program under which it hired Plaintiff and the Class;

D. Finding that the Plaintiff and the Class are entitled to relief under Promissory Estoppel due to Defendant's breach of the Hiring Program under which it hired Plaintiff and the Class;

E. Finding that the Defendant committed fraud in the inducement and fraud in the factum by hiring Plaintiff and the Class under the Hiring Program which it then breached;

F. Finding that Defendant was unjustly enriched by its unlawful conduct and disgorge its related revenue and profits;

G. Finding that Plaintiff and the Class incurred damages including, but not limited to loss of wages, credits and top-of-scale employment benefits;

H. Requiring that Defendant pay actual, compensatory and punitive damages for its conduct as alleged herein;

I. Awarding reasonable attorney's fees and costs; and

J. Grant such other relief as this Court deems appropriate.

      THOMAS BALLARD, on behalf of himself and all others similarly situated,

By: /s/ Larry D. Drury

Larry D. Drury
Thomas M. Rebholz
Larry D. Drury, Ltd.
100 North LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 346-7950
(312) 346-5777 (fax)
Attorney No. 0681024
ldd@larrydrury.com